IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALBERT EDMOND                                                                    PLAINTIFF

VS.                                                  CIVIL ACTION NO. 5:05CV24DCB-JCS

THELMA LINDSEY, ET AL.                                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Thelma Lindsey, Clara Adams, Lawrence Walton, Elsie Bynum, Virginia Slack, Anita Chamber and Jeannette Pointe to dismiss pursuant to Rule 12(b)(4)-(6) and Rule 4(m). Plaintiff Albert Edmond, who is incarcerated and proceeding pro se, but who has been denied in forma pauperis status, opposes the motion. The undersigned, having considered the parties' memoranda and submissions together with plaintiff's testimony from his October 25, 2006 omnibus hearing, will regard the motion as one brought pursuant Rule 56, and concludes that it is well taken.

Plaintiff filed the current action on February 11, 2005. By his complaint, Edmond charges that his due process rights were violated by the named defendants numerous times. Specifically, he alleges that he unjustly received and has been found guilty of more than fourteen "rule violation reports (RVRs)." Each RVR charged plaintiff with violations of Rule 4. More specifically, two of the RVRs charged Edmond with "engaging in sexual acts with other" and the rest of charged him with indecent exposure. By his complaint, Edmond seeks compensatory and punitive damages against each of the defendants. As of May 25, 2006, plaintiff had served only

one of the defendants, Larry Hardy.[1]  In light of this failure, plaintiff was required to show cause why his case should not be dismissed pursuant to Rule 41(b) based on his failure to prosecute his claims.   After reviewing plaintiff's response to the motion by which he  requested additional time to serve the defendants, on June 29, 2006, the court granted Edmond until August 15, 2006 in which to serve the defendants.

On September 8, 2006, the record containing no indication that the defendants had been served, the undersigned entered a report and recommendation recommending that plaintiff's claims against all named defendants, save those against Larry Hardy, be dismissed.   Thereafter, the record reflects that on September 13, 2006, summonses were returned executed for defendants Chamber, Pointe, Lindsey, Walton, Bynum and Slack and unexecuted for defendants Warner, Johnson, Emrich, Ford and Adams.  On September 18, 2006, the served defendants, hereinafter "defendants," filed both their answer and a motion to dismiss.  By their motion, the defendants urge that dismissal is required because plaintiff's service of process was untimely and because, in any event, his claims which, essentially, seek judicial review of the Mississippi Department of Corrections' (MDOC) disciplinary proceedings are without merit.  As defendants provided evidentiary support for this motion, the court will treat it as one brought pursuant to Rule 56.  The court further finds that Edmond has had and availed himself of a reasonable opportunity to respond to the motion.

Initially, the court observes, that because plaintiff was denied <u>ifp</u> status and thus, paid the filing fee, this action was not screened under § 1915e upon filing.  While § 1915e is applicable

---

[1] The undersigned notes that on July 14, 2006, a report and recommendation was entered recommending the dismissal of Hardy, who, at that time, was the only defendant who had not been served.  The basis of dismissal was Edmond's failure to exhaust his claim against Hardy.

only to those cases wherein a prisoner has been granted in forma pauperis status,[2] § 1915A(a) of Title 28, also grants the court authority to screen case brought by incarcerated persons. Specifically, § 1915A(a) provides that "before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Subparagraph (b) of § 1915A further mandates that the court "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." Accordingly, before reaching the substance of defendants' motion to dismiss, the court will screen plaintiff's complaint to cull any claims upon which relief may not be granted.

In this regard, it is clear that the majority of Edmond's putative claims have not been exhausted and thus, cannot support a claim for relief. See 42 U.S.C. § 1997e ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

---

[2] This section provides:

**(e)(1)** The court may request an attorney to represent any person unable to afford counsel.
**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

**(A)** the allegation of poverty is untrue; or

**(B)** the action or appeal--

**(i)** is frivolous or malicious;

**(ii)** fails to state a claim on which relief may be granted; or

**(iii)** seeks monetary relief against a defendant who is immune from such relief.

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). On the issue of exhaustion, the complaint avers that only two of the claims, RVRs numbered 578761 and 578764, have been exhausted through the MDOC's administrative remedy program prior to the filing of the complaint in this cause. The complaint further alleges that other RVRs were pending at the time he filed suit and that Administrative Remedy Program co-ordinator had refused to accept still others because Edmond had exceeded the number of filings allowed by the program.[3] However, as regards the pending administrative remedies and unfiled administrative claims, because § 1997e conclusively requires a state prisoner to exhaust available administrative remedies <u>before</u> filing a section 1983 suit, Edmond is precluded from filing suit on any claims which have not been fully exhausted through the administrative remedy process. <u>Wendall v. Asher</u>, 162 F.3d 887, 890 (5th Cir.1998); <u>see</u> <u>also</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir.1998) ("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures."). Likewise, as to any charge that he was unfairly precluded from filing some of his administrative claims, as Edmond has no constitutional right to MDOC's grievance

---

[3] On this point, the record contains four or more letters from Claims Adjudicator Hardy to Edmond. By each one, Hardy rejects for filing Edmond's administrative complaints. Each lett Each one to Edmond from Larry Hard, Legal Claims Adjudicator. Hardy's rejection letters state:
> Your request concerning, [sic] has been received by this office. According to our files you now have ten (10) requests in backlog, therefore, the enclosed complaint is being returned to you and will not be filed. Only a maximum of ten requests are allowed to be logged at a time.

procedure, the fact that MDOC personnel have rejected numerous of his filings does not excuse his failure to exhaust these claims.  See eg. Wilson v. Boise, 252 F. 3d 1356 (5th Cir. 2001) (as plaintiff had no constitutional statutory right to administrative remedy procedure, the fact that he was, under the rules of Louisiana's grievance procedure, barred from filing further grievances, did not excuse his failure to administratively exhaust his claims prior to filing action in federal court).

There remain then Edmond's claims related to RVRs numbered 578761 and 578764. Edmond received both of these RVRs on April 2, 2004.  RVR numbered 578761 was issued at 7:45 p.m.  This RVR charged plaintiff with engaging in sexual activities with other inmates in the segregation recreation pen.  RVR numbered 578764, issued about two hours later, charged Edmond with indecent exposure of his genitals while standing "in the trayhole" of his cell. According to copies of the RVRs submitted by the defendants, although Edmond denied the allegations, he refused to sign the forms and waived his right to a hearing on the charges. Thereafter, on April 13, 2004, defendant Lindsey, based on the investigating officer's report, found Edmond "guilty" of both 578761 and 578764.  For both infractions, Lindsey imposed a thirty-day loss of visitation.  As set forth above, with regard to these claims, Edmond pursued to completion MDOC's administrative remedy program.  By his administrative claims, Edmond urged that his due process rights were violated because the hearing officer failed to serve him with copies of the "false" RVRs at issue.  MDOC officials rejected Edmond's claims at each level of the administrative remedy process, finding that Edmond had been accorded due process. According to the complaint filed here, as regards RVRs numbered 578761 and 578764,  Lindsey and Adams conspired to deny him due process.

Here, to the extent that plaintiff seeks redress for the loss of his visitation privileges, (the disciplinary action meted out for these RVRs), the loss of visitation privileges does not impose an atypical, significant deprivation in relation to the ordinary incidents of prison life. See, Sandin v. Conner, 515 U.S. 472 (1995). Hence, the plaintiff's visitation was not covered by the due process protections of the Constitution. It follows then, that the defendants have not violated the plaintiff's due process rights and that his claims predicated on this basis are subject to dismissal.

In his response to the motion to dismiss, Edmond, for the first time, purports to seek compensation on the theory that Rule 4 violates his constitutional "bodily privacy rights,"[4] a theory which was not forwarded in his administrative claim. At his omnibus hearing, Edmond testified that the first RVR was given for conduct occurring the segregation recreation area, an area surrounded by walls on three sides and by a chain-link fence on the fourth. The yard is monitored by guards in an observation tower. Edmond further testified that the second RVR was given for conduct in his cell. The cell's door is steel, with an observation window and a trayhole opening underneath. Edmond stated that guards regularly look in the cell to check on inmates. It is clear then that given that both of these RVRs involved Edmond's consensual, public displays of his genitalia,[5] MDOC's Rule 4 did not intrude upon whatever constitutional privacy rights are retained by incarcerated persons. See Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002)

---

[4] Edmond's assertion of a privacy right to engage in the behavior cited in this RVR is of course, tantamount to an admission that the acts described in the RVR actually occurred.

[5] The record demonstrates that RVR numbered 578761 was issued for conduct occurring in the segregation recreation pen and that RVR numbered 578764 was issued because Edmond displayed his genitals through his cell's trayhole,

(recognizing that "[p]risoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration" and requiring that this right "be balanced against the state's interest").

Finally, as set forth above, plaintiff has asked for an award of compensatory damages. for mental anguish and emotional distress. However, "[n]o federal civil action may be brought by a prisoner. . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Edmond's complaint contained no allegation of physical injury. Further, at his omnibus hearing, he confirmed that he had not suffered any physical injury as a result of the allegations concerning these two RVRs. Accordingly, dismissal is appropriate on this basis as well.

As plaintiff has failed to state a claim of constitutional import and has failed to demonstrate prior physical injury, it is hereby ordered that the defendants' motion for summary judgement is granted.

SO ORDERED, this the 3rd day of November, 2006.

s/ James C. Sumner _____
UNITED STATES MAGISTRATE JUDGE