IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALBERT EDMOND                                                                                          PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 5:05CV24DCB-JCS

THELMA LINDSEY, ET AL.                                                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

In light of the fact that the parties have consented to jurisdiction by the magistrate judge in this case, it is hereby ordered that the Report and Recommendation entered on July 14, 2006 is withdrawn.  As set forth below, the court further finds that defendant Larry Hardy is due to be dismissed.

On May 26, 2006, the court entered an order requiring Edmund, who is proceeding pro se, but who was denied in forma pauperis status, to show cause for his failure to exhaust his claims against defendant Larry Hardy.  By his response to the motion, plaintiff does not deny that he has failed to exhaust his claims against Hardy, but instead argues that exhaustion is not required because Hardy is not an M.D.O.C. employee.  However, this contention is belied by the fact that Edmond has sued Hardy in his capacity as an M.D.O.C. employee.  For this reason, the undersigned concludes that Edmond's excuse for his failure to exhaust is not valid.

The Prison Litigation Reform Act amendments to 42 U.S.C. § 1997e "eliminated both the discretion to dispense with administrative exhaustion and the condition that the remedy be 'plain, speedy, and effective' before exhaustion could be required." *Booth v. Churner,* 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).  Thus, exhaustion is now mandatory "for 'all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong,'" *Alexander v. Tippah County, Miss.,* 351 F.3d 626, 630 (5th Cir.2003) (quoting *Porter v. Nussle,* 534 U.S. at 532), and "regardless of the relief offered through administrative procedures," *Booth v. Churner,* 532 U.S. at 741.  Furthermore, "it is not for the courts to inquire whether administrative procedures 'satisfy "minimum acceptable standards" of fairness and effectiveness.' " *Id.* at 630 (quoting *Booth v. Churner,* 532 U.S. 731, 740 n. 5, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).  "Dismissal under § 1997e is made on pleadings without proof." *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir.2003) (quoting *Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir.1998)).

Inasmuch as plaintiff has failed to come forward with a valid excuse for his failure to exhaust his administrative remedies against defendant Larry Hardy, the court concludes that the claims against him should be dismissed without prejudice.

It is ordered that the claims against Larry Hardy are dismissed with prejudice.  As the court has dismissed the remaining defendants in a separate opinion, a separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 3rd day of November, 2006.


    S/ James C. Sumner_____
     UNITED STATES MAGISTRATE JUDGE