IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALBERT EDMOND                                                                    PLAINTIFF

VS.                                                        CIVIL ACTION NO. 5:05CV24DCB-JCS

THELMA LINDSEY, ET AL.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the supplemental motion for summary judgment filed by

defendants Anita Chamber, Jeanette Pointe, Thelma Lindsey, Clara Adams, Lawrence Walton, Elsie

Bynum, Virginia Slack and Emmitt Emrich (WCCF defendants).  Plaintiff Albert Edmond opposes

the motion, and the court, having considered the memorandum, submissions and record in this case,

concludes that the motion is due to be granted in part and denied in part.

## Brief Summation of Claims Set Forth in the Complaint[1]

Plaintiff filed the current action on February 11, 2005.  By his 119-page complaint, Edmond

charges that defendant Lindsey and Adams violated his due process rights in connection with

various "Rule Violation Report" hearings, at which he was found guilty of violating Rule 4 of the

MDOC, which prohibits an inmate from engaging in sexual acts with another inmate or from

indecently exposing himself.  The complaint further charges that on June 21, 2004, defendants

Walton and Bynum conspired to harass him and to deprive him of his yard time by fabricating a

story that he was violating Rule 4 in the recreation yard.  According to Edmond, this fabrication

---

[1]

   The court attaches to this opinion an appendix which delineates the specific claims as to
each of the twelve named defendants as gleaned from the complaint.

1

resulted in defendants Slack and Werner (who has not been served with process) using excessive force to remove him the yard.  Specifically, he contends that these defendants intentionally threw gas bombs at him (as opposed to near him) to remove him from the yard.  Edmond complains that on August 6, 2004, defendant Chambers kicked him, in retaliation for his having filed grievances, and thereafter, defendant Highpointe refused his request that he be transferred to medical. According to the complaint, defendant Emrich refused to timely investigate the incident and thereby, violated the facility's internal policies and procedures.

Edmond also purports to state claims against defendant Lawrence Hardy, the Mississippi Department of Corrections (MDOC) Administrative Remedy Adjudicator.[2]  According to the complaint, Hardy repeatedly violated plaintiff's due process, equal protection and first amendment rights by failing to accept for filing many of his RVR appeals and administrative remedy filings, pursuant to an MDOC policy which prohibits a prisoner from having more than ten filings pending at a given time.  By his complaint, Edmond seeks compensatory and punitive damages against each of the defendants.

Procedural History

As of May 25, 2006, plaintiff had served only one of the defendants, Larry Hardy.[3]  In light of this failure, plaintiff was required to show cause why his case should not be dismissed pursuant to Rule 41(b) based on his failure to prosecute his claims.   After reviewing plaintiff's response to the

---

[2]        Hardy is represented by separate counsel.

[3]
        The undersigned notes that on July 14, 2006, a report and recommendation was entered recommending the dismissal of Hardy, who, at that time, was the only defendant who had been served.  The basis of dismissal was Edmond's failure to exhaust his claim against Hardy.

motion by which he requested additional time to serve the defendants, on June 29, 2006, the court granted Edmond until August 15, 2006 in which to serve the defendants.

On September 8, 2006, the record containing no indication that the defendants had been served, the undersigned entered a report and recommendation recommending that plaintiff's claims against all named defendants, save those against Larry Hardy, be dismissed.   Thereafter, the record reflects that on September 13, 2006, summonses were returned executed for defendants Chamber, Pointe, Lindsey, Walton, Bynum and Slack and unexecuted for defendants Warner, Johnson, Emrich, Ford and Adams.  On September 18, 2006, the then-served defendants filed both their answer and a motion to dismiss.  By their motion, the defendants urged that dismissal was required because plaintiff's service of process was untimely and because, in any event, his claims which, essentially, seek judicial review of the MDOC's disciplinary proceedings were without merit.  As defendants provided evidentiary support for this motion, the court treated it as one brought pursuant to Rule 56 and concluded that Edmond had had a reasonable opportunity to respond to the motion.

Before reaching the substance of WCCF's motion to dismiss and after holding an onmibus hearing where the parties consented to the undersigned's presiding in this action, the court proceeded to screen the case pursuant to § 1915A(a) of Title 28, which grants the court authority to screen case brought by incarcerated persons.[4]   In its memorandum opinion and order dated

---

[4]

Specifically, § 1915A(a) provides that "before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  Subparagraph (b) of § 1915A further mandates that the court "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief."

3

November 3, 2006, the court concluded that Edmond had administratively exhausted only the claims related to RVRs # 578761 and 578764, wherein Edmond was adjudicated as having violated Rule 4.  The court further found that Edmond's claims related to RVRs # 578761 and 578764 were meritless because of loss of visitation privileges does not impose an atypical, significant deprivation in relation to the ordinary incidents of prison life, because Edmond does not have a constitutional privacy right to publically display his genitalia and because he failed to allege any physical injury. In a separate memorandum opinion and order issued the same day, the court ruled, sua sponte, that Edmond's claims against Larry Hardy should be dismissed for failure to exhaust.  Believing that it had disposed of the claims of all the served defendants and that Judge Bramlette had reassigned the case,  the court entered judgment against Edmond.

    On November 17, 2006, Edmond filed his motion to alter or amend the judgment.  The motion took issue with the court's decisions to treat the motion to dismiss as a motion for summary judgment; its court's conclusion that the majority of the claims had not been properly exhausted; its fact-finding with regard to the two claims, it deemed exhausted; and its having entered judgment without addressing the status of the non-served defendants or his motion to compel the defendants to provide him with the current addresses of their former employees.   During the pendency of Edmond's motion, the Supreme Court has ruled that exhaustion is an affirmative defense.  Jones v. Bock, 127 S. Ct. 910 (2007).  Thus, in light of the fact that Judge Bramlette had not yet reassigned the case and that sua sponte dismissals for failure to exhaust were precluded by Jones, on February 2, 2007, the court vacated the judgment and its November 3, 2006 memorandum opinion and orders and set a dispositive motion deadline of March 5, 2007.  The court granted plaintiff's motion to compel, requiring that defendants provide him with the last known addresses of the unserved

4

defendants and granting Edmond forty-five days from the issuance of the summons in which to

accomplish service.


Supplemental Motion for Summary Judgment

By their current motion, the WCCF defendants urge that dismissal is required because: (1)

plaintiff failed to serve them with process within the time required by the court; (2) he failed to

exhaust his administrative remedies on the majority of his claims before filing a civil action; (3)

plaintiff's exhausted claims arising from RVRs # 578761 and 578764 are without merit; and (4)

plaintiff's claims are barred by the physical injury requirement of the PLRA.  Plaintiff opposes the

motion, and the court, having exhaustively reviewed the complaint in this action and the

incorporated documentation, as well as the evidence presented by the defendant, concludes that the

motion should be granted in part and denied in part.

Failure to Timely Serve Process

The WCCF defendants initially contend that the complaint must be dismissed because

Edmond failed to effect service of process by August 15, 2004, the date set out in the court's June

29, 2006 order granting plaintiff's motion for an extension of time in which to serve the defendants.

The record reflects that summonses were issued by clerk of court on July 26, 2006 **.** Edmond has

explained that he received the summonses from the court on July 28, 2006, and then on July 31,

2006, submitted the summonses to the Inmate Legal Assistance Program (ILAP).  The ILAP

apparently delayed transmitting the summonses to the Sheriff of Wilkinson County, as the executed

returns indicate that they were not received by the sheriff until August 17, 2006.  Per the executed

returns, the majority of the defendants were served around August 27, 2006.  Based on the

5

foregoing, it is apparent that Edmond was not dilatory in his attempts to comply with the court's order requiring service by August 15, 2004 and that he has shown good cause for his failure to timely serve defendants.  <u>Sanchez v. Perez</u>, 96 F.3d 1445 (5th Cir. 1996) (plaintiff must demonstrate "good cause" for failure to timely serve defendants to survive motion to dismiss).  Accordingly, defendants' motion to dismiss on the basis of Edmond's untimely service of process is denied.  The court next addresses the defendant's exhaustion argument.

 Exhaustion 

Title 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA), provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Section 1997e conclusively requires a state prisoner to exhaust available administrative remedies <u>before</u> filing a section 1983 suit and precludes him from filing suit while the administrative complaint is pending. <u>Wendall v. Asher</u>, 162 F.3d 887, 890 (5th Cir.1998);  <u>see also</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir.1998) ("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").  The United States Supreme Court has  held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>See</u> <u>Porter v. Nussle</u>, 122 S. Ct. 983 (2002); <u>see</u> <u>also</u> <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001).  Furthermore, as the Supreme Court has found the PLRA mandates that prisoners

6

"properly" exhaust their claims by complying with the facility's administrative rules and procedures. Woodford v. Ngo, 126 S. Ct. 2378, 2386 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.).

As set forth above, in its November 3, 2006 memorandum opinion and order, the court concluded that only those claims related to the appeal of RVRs # 5887761 and 578764 had been exhausted. By their current motion, defendants have submitted the affidavit of Emma Taplin, the Quality Assurance Manager at Wilkinson County Correctional Facility (WCCF). By her affidavit, Taplin opines that her review of the ARP records at WCCF, demonstrates that Edmond has only exhausted RVRs # 5887761 and 578764. She further states that, at the time he filed suit, he had eight ARPs pending and many others returned to him pursuant to MDOC's written policy which allows only ten grievances to be pending at any given time. Upon the court's second review of the complaint and the record, it remains persuaded that the majority of the claims have not been exhausted and thus, are subject to dismissal. Specifically, the record demonstrates to the court that Edmond failed to "properly" exhaust those claims related to the appeals of RVRs and requests for administrative remedies which were returned to him by defendant Hardy in accordance with the MDOC's official policy mentioned above. See eg. Wilson v. Boise, 252 F. 3d 1356 (5th Cir. 2001) (as plaintiff had no constitutional statutory right to administrative remedy procedure, the fact that he was, under the rules of Louisiana's grievance procedure, barred from filing further grievances, did not excuse his failure to administratively exhaust his claims prior to filing action in federal court). Accordingly, the court further finds that plaintiff has failed to exhaust his claims against defendants

Bynum, Slack, Chambers, Highpointe[5] and Emrick.

This being said, the court's second, more comprehensive review of the complaint and the record shows that as to defendant Lindsey RVRs # 588761 and 578764 were definitely exhausted prior to filing suit, while the appeals of RVRs 588395, 578547 and 611978 may have been pending for more than ninety days prior to Edmond's filing suit such that they must be deemed to have been exhausted.[6]  See Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter VII, pg.41-42 ("expiration of response time limits without receipt of a written response shall entitle the offender to move on to the next step in the process"); see also Gates v. Cook, 376 F.3d 323, 332 (5th Cir.2004) (exhaustion deemed completed when MDOC inmate filed suit after failing to receive response from final step of process in required time). Similarly, as to defendant Adams, there arguably remains only the claim related to RVR # 588517.[7]  Additionally, the court cannot determine that summary judgment is appropriate as to the question of exhaustion regarding

---

[5]

With regard to Highpointe, the complaint recites only that Edmund pursued an informal complaint against her.  This clearly does not constitute exhaustion pursuant to MDOC's written policies.

[6]

Edmond's complaint contains a document dated June 17, 2004, wherein he purports to file an appeal of RVR # 588395.  He does not maintain that this appeal was returned to him by defendant Hardy.  Although the court is unaware as to when the ARP procedure was actually commenced, it appears that Edmond was also allowed to submit an appeals of RVRs # 579547 and 611978.

[7]

Per his response to the supplemental motion to dismiss, this RVR was exhausted as of August 3, 2005.  The third step response document does not indicate the date on which the appeal was filed so as to apprise as to whether this matter had been pending more than ninety days before filing suit.

8

Edmond's putative claim against Walton.[8]

<u>Exhausted Claims</u>

Regarding the claims related to RVRs # 588395, 578547, 611978, 588517 and the putative conspiracy claim against Walton, the court has painstakingly combed the cumbersome complaint as well as the exhibits submitted by defendants and could not locate the RVRs so as to be informed as to the accusations upon which Edmond was adjudicated guilty or the specific nature of his ARP filing against Walton.  Perhaps, more importantly, the record as it exist now does not apprise the court as to the punishment imposed as a result of the adjudications of guilt on the RVRs so as to allow the court to evaluate the potential viability of due process claims against the pertinent defendants.  For this reason, the court is unable to conclude that summary judgment is appropriate as to these claims and will schedule another omnibus hearing so that plaintiff may be heard as to these claims.

As for RVRs # 588761 and 578764 issued to Edmond on April 2, 2004, the court agrees that summary judgment is appropriate.  RVR # 578761 was issued at 7:45 p.m.  This RVR charged plaintiff with engaging in sexual activities with other inmates in the segregation recreation pen. RVR # 578764, issued about two hours later, charged Edmond with indecent exposure of his genitals while standing "in the trayhole" of his cell.  According to copies of the RVRs submitted by

---

[8]
     Edmond received RVR # 588569 for the incident that occurred in the recreation yard on June 21, 2004.  His July 21, 2004 ARP was returned because he had more than ten matters pending in the ARP system.  Apparently, Edmond resubmitted this ARP at some point, as he has included in his response to the supplemental motion, a copy of June 7, 2006 third-step response claim, indicating that he has administratively exhausted this claim.  The document, however, contains no indication as to the date on which the ARP process was commenced so that the court could determine whether the ARP was pending for more than ninety days prior to filing suit.

the defendants, although Edmond denied the allegations, he refused to sign the forms and waived

his right to a  hearing on the charges.   Thereafter, on April 13, 2004, defendant Lindsey, based on

the investigating officer's report, found Edmond "guilty" of both RVRs # 578761 and 578764.   For

both infractions, Lindsey imposed a thirty-day loss of visitation.  As set forth above, with regard to

these claims, Edmond pursued to completion MDOC's administrative remedy program.  By his

administrative claims, Edmond urged that his due process rights were violated because the hearing

officer failed to serve him with copies of the "false" RVRs at issue.  MDOC officials rejected

Edmond's claims at each level of the administrative remedy process, finding that Edmond had been

accorded due process.   According to the complaint filed here, as regards RVRs # 578761 and

578764,  Lindsey and Adams conspired to deny him due process.

Here, to the extent that by his claims arising out of RVRs # 578761 and 578764, plaintiff

seeks redress for the loss of his visitation privileges, this court finds that denial of visitation did not

impose an atypical, significant deprivation in relation to the ordinary incidents of prison life.  See,

Sandin v. Conner, 515 U.S. 472 (1995).  Hence, the plaintiff's visitation was not covered by the due

process protections of the Constitution.  Necessarily then, the defendants have not violated the

plaintiff's due process rights.

Further as to Edmond belated claim that Rule 4 violates his constitutional "bodily privacy

rights,"[9] a theory which was not forwarded in his administrative claim, this claim is likewise subject

to dismissal.  At his omnibus hearing, Edmond testified that the first RVR was given for conduct

occurring the segregation recreation area, an area surrounded by walls on three sides and by a chain-

---

[9]

Edmond's assertion of a privacy right to engage in the behavior cited in this RVR is of
course, tantamount to an admission that the acts described in the RVR actually occurred.

10

link fence on the fourth.  The yard is monitored by guards in an observation tower.  Edmond further testified that the second RVR was given for conduct in his cell.  The cell's door is steel, with an observation window and a trayhole opening underneath.  Edmond stated that guards regularly look in the cell to check on inmates.  It is clear then that given that both of these RVRs involved Edmond's consensual, public displays of his genitalia,[10] MDOC's  Rule 4 did not intrude upon whatever constitutional privacy rights are retained by incarcerated persons.  See Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002) (recognizing that "[p]risoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration" and requiring that this right "be balanced against the state's interest").

Finally, as set forth above, with regard to these claims (and all his claims) plaintiff has asked for an award of compensatory damages for mental anguish and emotional distress.  However, "[n]o federal civil action may be brought by a prisoner. . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Edmond has failed to allege or show, by either his complaint or hearing testimony, that he has suffered any physical injury as a result of the allegations related to RVRs # 588761 and 578764 .  Therefore, had he stated a valid claim, he would not be entitled to damages for injuries of this nature.

Conclusion

Based on the foregoing, it is ordered that the WCCF defendants' supplemental motion for summary judgment is granted in part and denied in part.  An omnibus hearing on plaintiff's

---

[10]       The record demonstrates that RVR # 578761 was issued for conduct occurring in the segregation recreation pen and that RVR # 578764 was issued because Edmond displayed his genitals through his cell's trayhole,

remaining claims will be held on April 30, 2008 at 10:30 a.m.

SO ORDERED, this the _27th day of March, 2008.

s/ James C. Sumner_____

UNITED STATES MAGISTRATE JUDGE