IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALBERT EDMOND                                                                                               PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 5:05CV24JCS

THELMA LINDSEY, ET AL.                                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This is before the court, sua sponte.

On June 27, 2008, the court held a supplemental omnibus hearing to allow plaintiff to elaborate on five claims, which the court had earlier erroneously concluded had been exhausted. Specifically, before the court were plaintiff's claims against defendants Lindsey and Adams, arising out of RVRs # 588395, 578547, 611978, 588517, each of which alleged that Edmond had indecently exposed himself in violation of MDOC Rule 4.  According to Edmond, he received each of the RVRs for masturbating in his prison cell, and as a result of an adjudication of guilt, lost visitation privileges and received a "D" custody classification.  Edmond further stated that these four RVRs, along with the twenty or so others that he had received in the relevant time-period, impaired his ability to gain parole.  Edmond complains that the receipt of the RVRs violated his privacy right to masturbate in his cell and that his rights were further violated by inadequate investigations.  Also before the court was a claim that defendant Walton had conspired with other correctional employees to deprive him of yard-time and in furtherance of that conspiracy had accused him of masturbating in the recreational area.   In addition to taking plaintiff's testimony regarding these claims, during the hearing, the court granted plaintiff's oral motion to dismiss defendant Larry Hardy.

Regarding, plaintiff's claims related to the RVRs, Edmond does not have a constitutional right to receive a certain custodial classification while incarcerated and does not have a protected liberty interest in visitation privileges.  Meacham v. Fano, 427 U.S. 215, 96 S. Ct. 2532 (1976) ; Sandin v. Conner, 515 U.S. 472, 484 (1995); Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30-day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest).  Moreover, the mere possibility of parole does not create a liberty interest under the Constitution, and thus, plaintiff has failed to show the denial of a constitutional right.  Scales v. Mississippi State Parole Board, 831 F.2d 565, 566 (1987).   The court also rejects Edmond's claims that the Rule 4 RVRs violated his constitutional "bodily privacy rights."  See Ordaz v. Martin, 5  F.3d 529 (5th Cir. 1993) (holding that society was "not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell").

Lastly, plaintiff's wholly conclusory claim that Walton conspired to deprive him of yard-time is also subject to dismissal.  See McAfee v. Fifth Circuit Judges, 884 F.2d 221 (5th Cir. 1989) (stating that conclusory allegations which lack reference to material facts are not sufficient to state a claim of conspiracy under Section 1983).

Based on the foregoing, it is ordered that plaintiff's remaining claims Lindsey, Adams and Walton are dismissed.  It is further ordered that plaintiff's claims against defendants Ford, Werner and Johnson are dismissed based on his failure to serve with process within the time allowed by the court.

A separate order will be entered in accordance with Rule 58 of the Federal Rules of Civil

Procedure.

SO ORDERED this the _26th__ day of September, 2008.


s/ James C. Sumner_____
UNITED STATES MAGISTRATE JUDGE